**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raymond SALAZAR–AGUNDES,**
**Defendant–Appellant.**

No. 09–50359.

United States Court of Appeals,
Ninth Circuit.

Submitted June 29, 2010.*

Filed July 7, 2010.

James Peter Melendres, Assistant U.S. Attorney, Office of The U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Steven Francis Hubachek, Esquire, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

MEMORANDUM **

Raymond Salzar–Agundes appeals from the 40–month sentenced imposed following his guilty-plea conviction for illegal re-entry of a deported alien, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Salazar–Agundes contends that his sentence is unreasonable because the district court committed a procedural error in failing adequately to explain his 40–month sentence, which is below the Sentencing Guidelines range of 46–57 months. This contention is belied by the record, which contains an adequate explanation. *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir.2008) (en banc).

Salazar–Agundes also contends that his sentence is substantively unreasonable in light of this Court's decision in *United States v. Amezcua–Vasquez*, 567 F.3d 1050, 1054–56 (9th Cir.2009). Salazar–Agundes contends that under this Court's reasoning in *Amezcua–Vasquez*, his qualifying crime of violence conviction was too stale. Therefore, the district court should not have applied the 16–level sentencing

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

enhancement under U.S.S.G. § 2L1.2(B)(1)(A)(ii). The record, however, reflects that the district court considered Salazar–Agundes' argument in this regard and found that the facts in the instant case justified a sentence below the Guidelines range. The district court nevertheless found the facts insufficient to justify Salazar–Agundes' request for a much lower sentence. Accordingly, under the totality of the circumstances, Salazar–Agundes' sentence is substantively reasonable. *Gall v. United States,* 552 U.S. 38, 53–60, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**